1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

FRANCISCO GUYTON,

          Plaintiff,

   v.

L. McVICAR, et. al.,

          Defendants.

_____/

CV F   00 5999 OWW  LJO  P

FINDINGS AND RECOMMENDATIONS
THAT ACTION BE CLOSED AND
JUDGMENT ENTERED.

      Francisco Guyton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A.  PROCEDURAL BACKGROUND**

      On February 13, 2003, the undersigned issued Findings and Recommendations that Defendant's Motion for Summary Judgment be granted, Plaintiff's Cross-Motion for Summary Judgment be denied and that Defendant Loo be granted leave to file a dispositive Motion on the retaliation claim not addressed in the Motion.  (Doc. 52.)  On March 12, 2003, the District Court adopted the Recommendation in full and granted Defendant Loo to and including April 16, 2003, to file a dispositive motion.  (Doc. 52.)

1

On April 14, 2003, Defendant Loo filed a Motion for Summary Judgment.  (Doc.  55.)
Magistrate Judge Goldner issued Findings and Recommendations on January 26, 2004, that the
Motion for Summary Judgment be granted.[1]  (Doc.  62.)   The District Court adopted the
Findings and Recommendations in full on March 30, 2004, and on September 24, 2004,
Judgment was entered.  (Docs.  64, 66.)

On October 1, 2004, the District Court issued an Order "Setting Aside Judgment" which
did not recognize that Defendant Loo, for whom the Court granted Summary Judgment on March
30, 2004, was the last remaining defendant in the case.  It appeared that the Order Setting Aside
Judgment was inadvertently issued.

On June 6, 2005, the Court issued an Order to Show Cause why the action should not be
terminated.  Plaintiff filed a Motion for an Extension of time on June 21, 2005, stating that he
needed the time to procure medical records.  A review of this motion, however, revealed that
Plaintiff did not serve the opposing party pursuant to the Local Rules and the Federal Rules of
Civil Procedure.  See, Local Rule 5-135(b); Fed.R.Civ.P. 5.   Because the Motion indicated that
Plaintiff might be trying to obtain medical records for the purpose of re-litigating issues already
decided by the Court on Summary Judgment, rather than strike the motion, the Court denied it.
Plaintiff filed his Response to the Order to Show Cause on July 22, 2005.  Defendants did not
file a Response.

**B. DISCUSSION**

As noted above, the Court issued an Order to Show Cause why the action should not be
closed and Judgment entered.  The parties were to come forward with legal reasons why the
action should remain open given that there were no remaining parties to the case or claims for
relief.

In his response to the Order to Show Cause, Plaintiff states that he did not intend to re-
litigate claims already decided but instead only sought to obtain medical documents to show that
the chrono written by Dr.  Loo was really done in retaliation against him.   However, this

---

[1]The case was referred to Magistrate Goldner on August 9, 2003, (Doc.  58), and referred back to the
undersigned on May 2, 2004, (Doc.  65).

1    assertion is the very issue raised in the First Amended Complaint and decided by the Court in the

2    Findings and Recommendations that Defendant's Motion for Summary be granted and the case

3    dismissed.

4         The Findings and Recommendations held that Plaintiff failed to meet his burden to

5    produce evidence of specific facts demonstrating that a dispute actually exists as to whether Dr.

6    Loo retaliated against him.  The Court recommended that the Motion for Summary Judgment be

7    granted and the case dismissed.  The District Court adopted the Recommendation on March 30,

8    2004, thereby granting the Motion for Summary Judgment on the one claim and defendant in the

9    action.  Thus, contrary to Plaintiff's assertions, his attempts to produce evidence at this stage in

10   the proceedings is precisely an attempt to re-litigate issues already resolved.  Plaintiff provides no

11   legal justification as to why this case should continue given that the Court already resolved the

12   his claim against Defendant Loo in holding that there was no disputed issue of fact warranting

13   trial.

14   //

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1    **C. RECOMMENDATION**

2          Finding no legal reasons that the instant action should continue, the Court

3    RECOMMENDS that the case be DISMISSED and JUDGMENT be entered, thereby concluding

4    the action in its entirety.

5          The Court HEREBY ORDERS that these Findings and Recommendations be submitted

6    to the United States District Court Judge assigned to this action pursuant to the provisions of 28

7    U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

8    District Court, Eastern District of California.  Within **FIFTEEN (15)** days after being served

9    with a copy of these Findings and Recommendations, any party may file written Objections with

10   the Court and serve a copy on all parties.  Such a document should be captioned "Objections to

11   Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served

12   and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the

13   Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

14   § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time

15   may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

16   (9th Cir. 1991).

17   IT IS SO ORDERED.

18   **Dated:    July 27, 2005**                          **/s/ Lawrence J. O'Neill**
     b9ed48                                               UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28